JOHN D. SNELLING, plaintiff in error, v. WILLIAM M. BRYCE & COMPANY, defendant in error.

(Atlanta, January Term, 1871.)

CONTINUANCE—WHETHER DECLARATION FILED AT PROPER TERM—MISTAKE IN DATE OF ATTACHMENT—TIME TO PROVE MISTAKE SHOULD BE ALLOWED.—An attachment was taken out in Calhoun county, levied on property and returned to the Superior Court of Sumter county, and a motion was made to dismiss the same on the ground that the plaintiff had not filed his declaration at the first term of the Court after suing out the same, when it appeared that the affidavit and attachment was dated on the 24th day of March, 1868, but the attachment bond was dated on the 27th day of March, 1868. The declaration was filed at the October Term of the Court, when it should have been filed at the April Term of the Court, if the attachment was issued on the 24th of March, but if the attachment was issued on the 27th of March then it was properly returnable to the October Term of the Court, and the declaration was filed at that term. The counsel for plaintiff stated in his place, that if time was allowed him, he could, and would prove that the attachment was issued on the 27th of March, the date of the bond, and asked time of the Court to enable him to prove that fact, and to amend the attachment in accordance with the truth of the fact as to the day the attachment did issue. The Court refused to continue the case so as to allow the plaintiff to make the proof in relation to the mistake in the date of the attachment, and dismissed the same, to which the plaintiff excepted:

*Held*, That as the law required the plaintiff to give bond before the attachment issued, and the bond was dated on the 27th of March, the Court should, on the statement of plaintiff's counsel, have continued the case, so as to enable him to have proved the mistake in the date of the attachment, the more especially as it was not to be presumed that the attachment was issued before the bond was given.

Continuance. Mistake. Before Judge Clark. Sumter Superior Court. October Term, 1870.

*Snelling sued out an attachment against William Bryce & Company. The affidavit is dated the 24th of

Snelling v. Bryce & Co

March, 1868, the bond is dated the 27th, and the attachment the 24th of said month. The attachment was returnable to the next term of the Court, and the return day of the April Term was not out on the 24th, but was out before the 27th of March. No declaration was filed till the October Term, 1868. At October Term, 1870, defendant's counsel moved to dismiss the attachment because no declaration was filed at April Term, 1868.

Plaintiff's counsel stated that October Term was the first term after suing out the attachment according to the law; that the attachment was drawn up in blank by W. A. Hawkins, in Americus; that the date of the affidavit and attachment was the 24th of March, 1868, in the hand-writing of Hawkins, and that the bond was filled up by Hawkins, except the security's name, and its date and approval, and said attachment was issued by a Notary Public of Calhoun county, and he approved the bond and dated it the 27th of March, 1868; and asked to prove that the affidavit was made, the bond was given and the attachment was issued as late as the 27th of March, 1868, and stated in his place that he could and would make such proof if time were allowed. The Court refused to continue the cause. Plaintiff's counsel then contended that a failure to file the declaration at April Term was not a sufficient reason for dismissing the cause. But the Court dismissed it, and this and his refusal of continuance, are assigned as error.

(When this cause was called McCay, J., stated that just before coming upon this bench he had been consulted upon the cause and gave an opinion, and therefore did not wish to preside on it. Counsel requested him to preside, saying that this cause did not touch the merits, and he consented to preside.)

Hawkins & Burke, by R. F. Lyon, for plaintiff in error. Lanier & Anderson, for defendants.

*WARNER, J.

The Court below erred in not allowing a continuance of the case for the purpose of its being shown that there was a mistake in the date of the attachment, and in dismissing the same, on the statement of facts, disclosed by the record.

Let the judgment of the Court below be reversed.